UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABRICE DESBROSSES<br><br>    Plaintiff,<br><br>    v.<br><br>SHORT, et al.,<br><br>    Defendants. | 1:13-CV-0343-MJS<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 1)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

On March 11, 2013, Plaintiff Fabrice Desbrosses ("Plaintiff"), an individual proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. §1983. (ECF No. 1.) Plaintiff appears to be a pretrial detainee. Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 4.) Plaintiff's Complaint is now before the Court for screening. (Compl., ECF No. 1.)

**I. SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been

paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

## II. ISSUES AND CLAIMS

### A. Legibility

Plaintiff is incarcerated and is representing himself in this action. Under those circumstances, handwritten pleadings are acceptable and technical and other errors are not fatal. However, the pleading must be "clearly legible." Local Rule 130(b). Plaintiff's are not. The writing is badly smudged, there often are no spaces between words, and there is no spacing between lines. The Complaint is largely illegible.

Assuming Plaintiff chooses to amend and file a complaint which complies with this order, he must write legibly, leave a space between each word, double space his sentences, and avoid smearing the ink. Local Rule 130(c). The failure to do so will result in an order striking the amended complaint from the record.

### B. 42 U.S.C. § 1983 Claims

42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder

v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). § 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

### C. Legal Claims

It appears Plaintiff's claims arise from events which occurred while he was housed at an unspecified location and transported to Kern Medical Center for treatment. Plaintiff appears to allege that while he was being transported on January 19, 2013, Defendants Short and Andrews assaulted him both verbally and physically. The Court will outline below the necessary criteria for alleging a claim of excessive force which appears to be the type of claim Plaintiff wishes to assert.

Plaintiff's status as a pretrial detainee during the events underlying this action require that his excessive force claim be analyzed pursuant to the Fourteenth Amendment's Due Process Clause. A pretrial detainee is not protected by the Eighth Amendment's proscription against cruel and unusual punishment because he has not been convicted of a crime. See Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979); Ingraham v. Wright, 430 U.S. 651, 671-672 n. 40 (1977); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001). Nevertheless, the Due Process Clause protects pretrial detainees from the use of excessive force. Bell, 441 U.S. at 535-536; see Redman v. County of San Diego, 942 F.2d 1435, 1440 (9th Cir. 1991) (en banc) (quoting Graham v. Connor, 490 U.S. 386, 395 n. 10 (1989)). Moreover, the protections of the Due Process Clause are at least as great as those of the Eighth Amendment. See City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 244

(1983); Gary H. v. Hegstrom, 831 F.2d 1430, 1432 (9th Cir. 1987).

To determine whether the alleged use of force was excessive, this court must assess the following factors: "(1) the need for the application of force, (2) the relationship between the need and amount of force that was used, (3) the extent of the injury inflicted, and (4) whether force was applied in a good faith effort to maintain and restore discipline." White v. Roper, 901 F.2d 1501, 1507 (9th Cir. 1990). In the context of a disturbance, "the question of whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" Hudson v. McMillian, 503 U.S. 1, 6 (1992) (quoting Whitley v. Albers, 475 U.S. 312, 320-321 (1986)).

If he chooses to file an amended complaint, Plaintiff must address each of the four criteria above and describe the facts pertaining to each.

### III. CONCLUSION AND ORDER

Plaintiff's Complaint fails to state a claim upon which relief may be granted under § 1983. The Court will provide Plaintiff with an opportunity to amend to cure the deficiencies in his claim. Lopez v. Smith, 203 F.3d at 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff=s constitutional rights, Iqbal, 556 U.S. 676-677. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it

4

must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's Complaint, filed March 11, 2013, is dismissed for failure to state a claim upon which relief may be granted under §1983;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint;

4. If Plaintiff files an amended complaint that violates the directives of this order, it will be stricken from the record; and

5. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   April 30, 2013               /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE

5