1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

11  FABRICE DESBROSSES,                    )    Case No.: 1:13-cv-0343-MJS (PC)
                                           )
12              Plaintiff,                  )
                                           )
13      v.                                  )    ORDER DISMISSING ACTION FOR FAILURE
                                           )    TO STATE A CLAIM AND FAILURE TO OBEY
14                                          )    A COURT ORDER
    SHORT, et al.,                          )
15                                          )    (ECF No. 8)
                Defendants.                 )
16                                          )
                                           )    CLERK SHALL CLOSE CASE
17  _____            )

18      Plaintiff Fabrice Desbrosses ("Plaintiff") is a state prisoner proceeding pro se in this

19  civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to Magistrate Judge

20  jurisdiction.  (ECF No. 5.)

21      Plaintiff initiated this action on March 11, 2013.  (ECF No. 1.).  The Court screened

22  Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A, and dismissed it for failure to state a

23  claim.  (ECF No. 7.)  Plaintiff was given leave to file an amended complaint by June 3, 2013.

24  (Id.)

25      After Plaintiff failed to so file an amended complaint, the Court on July 8, 2013,

26  ordered him to show cause why his case should not be dismissed for failure to comply with a

27  court order and failure to state a claim.  (ECF No. 8.)

28

On July 17, 2013, the Court's order to show cause was returned by the United States Postal Service as undeliverable to Plaintiff.  Over 63 days have since passed, and Plaintiff has yet to provide the Court with a new address or otherwise responded.

Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the Court apprised of his or her current address at all times.  Local Rule 183(b) provides, in pertinent part:

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

In the instant case, over 63 days have passed since Plaintiff's mail was returned, and he has not notified the Court of a current address.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1)

the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 21 779 F.2d at 1424.  The Court's order expressly stated: "Failure to meet this deadline will result in dismissal of this action." (ECF No. 8.)  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's Order.

Based on the foregoing, pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), the Court ORDERS that this action be DISMISSED, with prejudice, because of Plaintiff's failure to state a claim upon which relief may be granted under § 1983 and his failure to obey the Court's July 8, 2013, order (ECF No. 8).  This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).  Silva v. Vittorio, 658 F.3d 1090, 1098-1099 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   October 9, 2013            /s/ Michael J. Seng
                                   UNITED STATES MAGISTRATE JUDGE